IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VESTA WEST, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-20-2355 |
| DONALD TRUMP, *President of the U.S.A.*, | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

The above-captioned complaint was filed by self-represented Plaintiff Vesta West. Ms. West did not pay the filing fee nor did she file a motion for leave to proceed *in forma pauperis*. For the reasons that follow she will not be required to cure the deficiency.

This court may dismiss a complaint sua sponte where the matters asserted are plainly frivolous. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). In addition, "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint." *Smith*, 616 F.App'x at 90; *Chong Su Yi*, 554 F.App'x at 248 (same); *Ross*, 493 F.App'x at 406 (same). For the reasons that follow, the complaint must be dismissed.

Plaintiff names President Donald Trump as the sole Defendant. ECF No. 1, p. 1. She seeks a "cease and desist order" against the President, prohibiting

> him from performing the duties of the office of president until he can give answer to the people of the United States of America that the oath of office he took was taken faithfully and without guile, and that he had no agenda beforehand to manipulate the country into one that fit his personal agenda.

>On August 13, 2020 President Trump admitted he was not funding the United States Postal System an effort that hinders the mailing of ballots during the coronavirus pandemic.
>
>This causes me great concern and give[s] credence to my personal concern that this president manipulated the country into sheltering in place in order to stay in office.

*Id.*, p. 1.  She cites no basis for jurisdiction and no specific cause of action.

Article III of the Federal Constitution limits judicial power to "actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 488, (2013).  One element of this case-or-controversy requirement" is that a plaintiff must have standing to sue.  *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *see Spokeo, Inc. v. Robins*, 578 U.S. __, 136 S.Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy.").

To establish Article III standing a plaintiff must satisfy three elements:

>First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168 (2014); *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 284 (4th Cir. 2018).

Plaintiff's broadly stated assertions identify no particularized harm she has suffered as a result of the actions challenged.  Moreover, she fails to allege any causal connection between any injury alleged and the challenged conduct.  In sum, she lacks standing to assert these claims on

behalf of the citizens of the United States and has failed to allege any personal injury to her resulting from the President's policies or lack of action.

## CONCLUSION

For the reasons noted, the complaint will be dismissed without requiring service. A separate Order follows.

August 17, 2020            _____/s/_____
                                      DEBORAH K. CHASANOW
                                      United States District Judge